UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cr-00046-RLY-CSW |
| | ) | |
| CHRISTOPHER KIMMONS | ) | |
| a/k/a PUNISHER, | ) -02 | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On March 13, 2026, the Court held a hearing on the Petition for Warrant for Offender Under Supervision. (Docket. No. 572). Defendant Christopher Kimmons appeared in person with his appointed counsel Dax Womack. The government appeared by Lauren Wheatley, Assistant United States Attorney. U. S. Probation and Pretrial Services Office appeared by Officer Brian Deardurff.

This matter was referred to the Magistrate Judge to conduct a hearing and make a report and recommendation as to the disposition. (Docket No.575). The defendant was advised that the District Judge is not bound to accept the Report and Recommendation.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The Court advised Defendant Kimmons of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing.

2.      Defendant Kimmons admitted to having violated the conditions of his supervised release.  (Docket No.572).

3.      The allegation, as fully set forth in the petition, is:

**Violation
Number      Nature of Noncompliance**

1       **"The defendant shall not commit another federal, state, or local crime."**

Mr. Kimmons was arrested in Vanderburgh County, Indiana, on December 2, 2025, and charged with Dealing in Marijuana; Between 30g-10lbs in cause number 82D02-2512- F6-007331.

As previously reported to the Court, Mr. Kimmons was arrested in Knox County, Indiana, on October 17, 2025, with Operating a Vehicle with a Schedule I or II Controlled Substance or its Metabolite in blood in cause number 42D02-2510-CM-000620.

4.      The parties stipulated that:

(a)     The highest grade of violation is a Grade **A** violation.

(b)     Defendant's criminal history category is **VI**.

(c)     The range of imprisonment applicable upon revocation of supervised release, therefore, is **51 to 63** months imprisonment. The statutory range of imprisonment is **51 to 60** months.

5.      The parties jointly recommended a sentence below the guideline range of forty-eight (48) months with no further supervision to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions of his supervise release, that his term of supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or

his designee for a period of forty-eight (48) months with no supervision, upon release from imprisonment.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties elected to waive the fourteen-day period to object to the Report and Recommendation.

Date:  March 13, 2026

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.